UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62025-CIV-COHN/SELTZER

EFSTATHIOS CATOGAS,

    Plaintiff,

v.

JOSEPH R. VETTER, individually, KEITH DUNN,
as chief of the CITY OF MIRAMAR, FLORIDA
POLICE DEPARTMENT, and the CITY OF MIRAMAR,
FLORIDA,

    Defendants.
_____/

## ORDER GRANTING CITY OF MIRAMAR'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on The City of Miramar's Motion to Dismiss Amended Complaint [DE 12] ("Motion"). The Court has reviewed the Motion, Plaintiffs' Response [DE 25] ("Response"), The City of Miramar's Amended Reply [DE 30] ("Amended Reply"), the record in the case, and is otherwise advised in the premises.

I. BACKGROUND

Plaintiff Efstathios Catogas ("Plaintiff") commenced this action against Defendants Joseph Vetter ("Vetter"), Keith Dunn, as Chief of the City of Miramar Police Department, and the City of Miramar on October 11, 2012. Plaintiff brings claims for false arrest and false imprisonment and malicious prosecution against Vetter (Counts 1, 3, and 4) and false arrest and false imprisonment against the City of Miramar (Count 2). Plaintiff's claims stem from an incident on October 12, 2008, where Vetter arrested Plaintiff for theft of a dog. Am. Compl. [DE 5] ¶¶ 11, 33. Plaintiff contends that after being dragged and shoved into the back seat of a police car, he began having chest

pains, hyperventilating, and passing out.  Id. ¶ 36.  Plaintiff claims that Vetter delayed getting him medical attention because he believed Plaintiff was "faking it."  Id. ¶ 37.  Plaintiff was eventually transported to Memorial Hospital Miramar.  Id. ¶ 43.  Plaintiff contends that Vetter's statements that he was "faking it" caused him to be left unattended for more than an hour and a half by hospital personnel.  Id. ¶ 45.  Additionally, when he later woke up in a private room, Vetter pulled an IV out of Plaintiff's arm, causing blood to spread onto the bed and Plaintiff's clothing.  Id. ¶ 49.

The City of Miramar has moved to dismiss Count 2 of the Amended Complaint, the sole claim against it, for failure to provide the required presuit notice in accordance with Fla. Stat. § 768.28(6)(a).  Plaintiff opposes the Motion, arguing both that he was not required to provide notice to the City of Miramar and that he did in fact provide timely notice.  For the reasons discussed below, the Court agrees with the City of Miramar that Plaintiff failed to provide timely notice and will dismiss the claim against the City of Miramar and Keith Dunn with prejudice.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

The City of Miramar argues that Count 2 of the Amended Complaint should be dismissed with prejudice because Plaintiff failed to provide timely, presuit notice of his claim, as required by Fla. Stat. § 768.28(6)(a). Motion at 2-4. In opposition, Plaintiff first argues that he was not required to provide notice to the City because Fla. Stat. § 768.28(6)(a) does not require notice for claims against municipalities. Response at 1-2. Plaintiff alternatively argues that he did provide notice to the City of Miramar on at least two occasions before filing suit. Id. at 2.

Fla. Stat. § 768.28(6)(a) provides that:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing[.]

Fla. Stat. § 768.28(6)(a). The Court agrees with the City of Miramar that the plain language of this statute requires presuit notice within three years of the date a cause of action accrues before an action may be brought against a municipality such as the City of Miramar. As the City of Miramar points out in its Amended Reply, the language Plaintiff relies upon for the proposition that no presuit notice is required for

3

municipalities relates to Fla. Stat. § 768.28(6)(a)'s additional requirement for notice to the Department of Financial Services.  The statute clearly required that Plaintiff provide the City of Miramar presuit notice within three years of the accrual of his claim.

Next, the Court agrees with the City of Miramar that because Plaintiff failed to provide timely notice, dismissal with prejudice is warranted.  Plaintiff argues that he twice provided notice to the City of Miramar: first on November 18, 2009, when he presented an official complaint to the City and second on April 19, 2012, when he sent a statutory notice letter to the City.  Response at 2 (citing Exhibits A and B).  The sole claim that Plaintiff brings against the City of Miramar is a claim for false arrest and imprisonment.  Under Florida law, a false arrest/false imprisonment claim accrues at the time of arrest.  Diaz v. Metro-Dade Police Dep't, 557 So. 2d 608, 609 (Fla. Dist. Ct. App. 1990).  Accordingly, Plaintiff had three years, or until October 12, 2011, to provide the City of Miramar with notice of his claim. Thus, the April 9, 2012 letter, Exhibit B to Plaintiff's Response, is untimely on its face.  The Court agrees with the City of Miramar that the November 18, 2009 complaint, Exhibit A to Plaintiff's Response, did not constitute notice under Fla. Stat. § 768.28(6)(a).  The November 18, 2009 Complaint appears to be a complaint that Plaintiff made against Vetter.  As the City points out, the November 18, 2009 complaint "makes no mention of anticipated suit against the City; contains o language notifying the City of a claim; and demands no compensation." Amended Reply at 4.  Accordingly, it did not constitute notice sufficient to satisfy Fla. Stat. § 768.28(6).  See Smart v. Monge, 667 So. 2d 957, 959 (Fla. Dist. Ct. App. 1996) ("While the letter identifies the incident, it does not in any way state a claim or demand against the Sheriff. Although the statute lacks specificity as to what is required to

present a notice of claim, we conclude, at a minimum, the written notification must contain language notifying the agency of a claim; that is, a demand for compensation for an injury."). The Court further finds that dismissal with prejudice is warranted here. "Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." Levine v. Dade Cnty. Sch. Bd., 442 So. 2d 210, 213 (Fla.1983). Accordingly, because Plaintiff failed to timely provide presuit notice and the time for doing so has expired, Count 2 of the Amended Complaint is dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The City of Miramar's Motion to Dismiss Amended Complaint [DE 12] is **GRANTED**;

2. Count 2 of the Amended Complaint is **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's Request for An Exemption to Local Rule 7.1 to Allow Plaintiff's Response and Opposition to Defendant, the City of Miramar's Amended Reply in Support of its Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law [DE 32] is **DENIED** as **MOOT**.[1]

---

[1] The Court finds that this is not a case where a surreply is helpful or warranted.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of March, 2013.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.